IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| EVELYN BIPTAR, *individually and on behalf of all others similarly situated*   : <br> : <br> Plaintiff,   : <br> : <br> v.   : <br> : <br> SAMARITANS-AT-LAST, LLC   : <br> : <br> Defendant.   : | Civil Action No.: 20-3244 |

---

## MEMORANDUM OF LAW IN SUPPORT OF THE JOINT MOTION FOR APPROVAL OF SETTLEMENT

On July 1, 2020, Plaintiff Evelyn Biptar, individually and on behalf of all others similarly situated, filed this lawsuit against Defendant Samaritans-At-Last, LLC ("Defendant") (collectively with Plaintiff, the "Parties"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* In her Complaint, Plaintiff, individually and on behalf of all others similarly situated, alleged, *inter alia,* that Defendant failed to compensate Plaintiff and those similarly situated an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and PMWA.

On February 1, 2021, an Initial Pretrial Conference was held. Defendant subsequently contacted Plaintiff's counsel to discuss the factual allegations and claims in Plaintiff's Complaint, as well as the possibility of exploring an early resolution of this matter. Thereafter, the Parties engaged in extensive, arms-length settlement negotiations, which included detailed discussions of the merits of Plaintiff's claims and Defendant's anticipated defenses thereto, as well as the extent of Plaintiff's claimed damages. Among other things, Defendant vigorously

21777748v2

disputed the size of the alleged class and explained the financial constraints upon the company in light of the COVID-19 pandemic. In light of this information, Plaintiff did not file a motion for conditional certification nor is there a certified class. Accordingly, on or around May 24, 2021, the Parties reached a settlement regarding Plaintiff's individual claims and that, because the proposed settlement involved a resolution of Plaintiff's overtime claims under the FLSA, the Parties respectfully submit this Memorandum of Law in support of this Joint Motion for Approval of Settlement.  A true and correct copy of the Settlement Agreement has been attached hereto as Exhibit "A."

Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, "district courts within the Circuit have followed the approached endorsed by a majority of courts and assumed that judicial approval is necessary." See Lyons v. Gerhad's, Inc., 2015 U.S. Dist. LEXIS 92348, at *6 n.1 (E.D. Pa. July 15, 2015); see also Gabrielyan v. S.O. Rose Apartments, LLC, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015).  When considering whether to approve a proposed settlement of an FLSA wage claim, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace.  See Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *4-5; see also Lyons, 2015 U.S. Dist. LEXIS 92348, at *8; Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

When considering whether a proposed settlement agreement resolves a bona fide dispute under the FLSA, district courts look to see whether the agreement "'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's

overreaching.'" See McGee v. Ann's Choice, Inc., 2014 U.S. Dist. LEXIS 75840, at *4-5 (E.D. Pa. June 4, 2014) (citing Lynn's Food Stores, 679 F.2d at 1355). In order to make this determination, the court must be provided with "a description of 'the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise.'" See Brumley v. Camin Cargo Control, Inc., 2012 U.S. Dist. LEXIS 40599, at *18 (D.N.J. 2012) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

As evidenced by the pleadings, this lawsuit involves a bona fide dispute regarding both liability and damages under the FLSA, including, but not limited to: (a) whether Plaintiff was to receive overtime compensation; (b) the number of overtime hours worked by Plaintiff; (c) the extent of Defendant's knowledge of the overtime hours Plaintiff worked; and (d) Plaintiff's entitlement to liquidated damages on any amounts owed to her under the FLSA.

In this matter, Plaintiff worked for Defendant as a Home Health Aide from November 2018 to January 31, 2020. Plaintiff alleges that she routinely worked overtime, but was only paid straight time for every hour she worked, including the hours worked above forty (40) in a workweek. Plaintiff was paid on an hourly basis. Plaintiff claims she was paid $13 per hour for all hours worked during her employment. After reviewing the records and documentation provided by Defendant through discovery, it is Plaintiff's position that she is owed overtime pay for approximately six hundred and seventy three (673) hours for the period of her employment with Defendant. According to Plaintiff, she is owed one half the rate of the overtime rate ($6.50) for these hours. Accordingly, Plaintiff calculates she is owed approximately $6,390 in unpaid overtime wages and an additional $6,390 in liquidated damages. Thus, Plaintiff believes she is owed approximately $12,780 in total. Defendant, for its part, contends Plaintiff was paid

correctly for all hours reportedly worked and disputes having knowledge of any overtime hours for which Plaintiff was not properly compensated.

With respect to the second factor, under the proposed Settlement Agreement, in the estimate of Plaintiff's counsel, Plaintiff stands to receive a substantial portion (i.e. approximately ninety-seven percent (97%)) of the overtime compensation *and* liquidated damages, which she could reasonably expect to prove at trial. As denoted in the Settlement Agreement, Plaintiff will receive $12,363 after attorneys' fees and costs. This result is considerable in light of the risks Plaintiff faces in establishing liability and damages in this case. While Plaintiff's counsel believes Plaintiff's claims are meritorious, they are experienced and realistic, and appreciate the evidentiary hurdles associated with proving hours worked in the absence of accurate recordkeeping.

Furthermore, the award of attorneys' fees to Plaintiff's counsel is fair and reasonable considering the risk involved, the work performed, and the considerable result achieved. In this action, Plaintiff's counsel respectfully requests the Court to approve attorneys' fees and costs in the amount of the $7,637 (including $637 in costs) as this figure represents a thirty-five percent (35%) contingent fee for Plaintiff's counsel's representation of Plaintiff plus costs.  In retaining Plaintiff's counsel, Plaintiff entered into a private contingent fee agreement, wherein she agreed that her counsel would recover thirty-five percent (35%) of any award or settlement amount agreed to in this lawsuit, plus costs. See Exhibit "C."

With respect to this request, "[f]ee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Aros v. United Rentals, Inc., No. 3:10-cv-73, 2012 U.S. Dist. LEXIS 104429, at *13 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, No.

08-cv-7840, 2010 U.S. Dist. LEXIS 1120, at *3 (S.D.N.Y. Jan. 7, 2010)). In scrutinizing the fairness of FLSA settlements, and fees paid thereunder, Courts in this District have upheld similar contingency rates agreed upon between a plaintiff and her counsel as the contingency rate in the case at bar. In Adams, et al. v. Bayview Asset Mgmt., LLC, No. 13-cv-5967 (E.D. Pa. 2013) (Brody, J.), the Court approved a forty percent (40%) contingency fee for eight (8) different single-plaintiff cases, conditioned upon plaintiff's counsel representing via affidavit that the contingency fee agreement existed at the commencement of the representation to verify plaintiff's counsel bore all of the risk of loss by proceeding with the litigation. Id. at Docket Entries 7, 10, and 11. In Messina, et al. v. Oxford Valley Cardiology Assoc. P.C., et al., No. 16-cv-1008 (E.D. Pa. 2016) (Ditter, J.), the Court approved a forty percent (40%) contingency fee for five (5) different single-plaintiff cases, and in assessing fees noted: "I find the attorney's fees to be reasonable based on counsels' joint representation that the fees and costs incurred were proportional to the needs of the case and Plaintiffs' counsel's agreement not to seek payment for all services performed in order to facilitate the settlement of this dispute." Id. at Docket Entry 24.; see also Edmondson v. Modern Group LTD., et al., No. 14-cv-6706 (E.D. Pa. 2015) (Kearney, J.) (approving contingency rate in single Plaintiff FLSA case); Parks v. Creative Waste Solutions, LLC, et al. No. 17-cv-2559 (E.D. Pa. 2017) (Pratter, J.), Docket No. 23 (approving 40% contingency fee for single-plaintiff FLSA case); Parris v. Creative Waste Solutions, LLC, et al., No. 17-cv-3093 (E.D. Pa. 2017) (Hey, M.J.), Docket No. 20 (same). In the instant case, Plaintiff's counsel is requesting only a thirty-five percent (35%) contingency fee, which is a lower percentage than those approved in the aforementioned cases. See also Howard v. Phila. Hous. Auth., 197 F. Supp. 3d 773 (E.D. Pa. 2016) (Robreno, J.) (recognizing that fee awards for common fund cases generally range from 20-45% of the fund and approving a fee award equivalent to 32.4% of the single-plaintiff fund).

Finally, the Settlement Agreement does not frustrate the implementation of the FLSA in the workplace because the release provision of the Parties' Settlement Agreement are properly limited.  See Schwartz v. Pa. State Univ, 2017 WL 1386251, at *3 (M.D. Pa 2017) (indicating that scope of release and confidentiality provisions are proper considerations for this prong, citing cases). The Specific Release of Claims in the Parties' Settlement Agreement is limited to Plaintiff's wage and hours claims (both under the FLSA and the Pennsylvania equivalent) that were raised, or could have been raised, in this lawsuit.  See Exhibit A.  Such a narrowly-tailored release does not frustrate implementation of the FLSA. See Bettger v. Crossmark, Inc., No. 13-cv-2030, 2015 WL 279754 (M.D. Pa. Jan. 22, 2015) (noting that district courts generally require FLSA settlements to limit release provisions to "claims related to the specific litigation"; citing cases); Kutz v. Cargill Cocoa & Chocolate, Inc., No. 3:19-cv-0176, 2019 WL 5457776, at *8 (M.D. Pa. Oct. 23, 2019) (approving release "limited to the release and discharge of claims asserted in the lawsuit or claims that could have been asserted in this lawsuit"); Crevatas v. Smith Mgmt. and Consulting, LLC, No. 3:15-cv-2307, 2017 WL 1078174, at *4 (M.D. Pa. Mar. 22, 2017) (approving release because it was "limited to wage and hour claims and remains within the scope of this lawsuit").  In addition to being limited to Plaintiff's wage and hour claims, the Settlement Agreement does not include a confidentiality provision.  For the foregoing reasons, the Parties' Settlement Agreement does not frustrate the implementation of the FLSA.

In sum, because the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions and does not frustrate the purposes of the FLSA, the Court should approve the parties' Joint Motion to Approve the Settlement Agreement.

Accordingly, the Parties respectfully request that the Court find that the Settlement Agreement reached between the Parties represents a fair, reasonable, and adequate resolution of

Plaintiffs claims against Defendant under the, and enter an order, substantially in the form attached hereto as Exhibit "B," approving the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| */s/ Preeya Bansal* | /s/ *Amanda Steinke* |
| Preeya Bansal, Esq. | Amanda Steinke, Esq. |
| Murphy Law Group, LLC | Stephanie Peet, Esq. |
| Eight Penn Center, Suite 2000 | Jackson Lewis, P.C. |
| 1628 John F. Kennedy Blvd. | 1601 Cherry Street, St. 1350 |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| pbansal@phillyemploymentlawyer.com | Amanda.Steinke@JacksonLewis.com |
| *Attorneys for Plaintiff* | Stephanie.Peet@JacksonLewis.com |
| | *Attorneys for Defendant* |

Dated: June 25, 2021

4819-7063-6016, v. 1