IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVELYN BIPTAR, *individually and on behalf of all others similarly situated*, | : : : | |
| Plaintiff, | : : : | CIVIL ACTION<br><br>No. 20-03244 |
| v. | : : | |
| SAMARITANS-AT-LAST, LLC, | : : | |
| Defendant. | : | |

## ORDER

**AND NOW**, on this 20th day of July, 2021 it is **ORDERED** that the parties' Joint Motion for Approval of Settlement (ECF No. 18) is **GRANTED** with the exception of the confidentiality provision at Paragraph 11.[1]

---

[1] The confidentiality provision provides: "Plaintiff further agrees that she will not speak directly or indirectly to . . . potential litigant[s] regarding any information about the details or facts regarding the Lawsuit or this Agreement." ECF No. 18-1 § 11.
 This provision frustrates the implementation of the FLSA. There is "broad consensus" that FLSA settlement agreements should not be kept confidential. *See Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 300583, at *3 (D.N.J. Feb.1, 2012) (collecting cases). Silencing employees who have vindicated their rights under the FLSA "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010); *accord, e.g.*, *Gamble v. Air Serv. Corp.*, 247 F. Supp. 3d 1302, 1305-06 (N.D. Ga. 2017) ("[C]onfidentiality provisions included in a settlement are impermissible because they can promote non-compliance and often contravene both the purpose of the FLSA and the public's interest in transparency."). Nevertheless, some courts in this district have approved limited confidentiality clauses, reasoning that "[i]n certain cases, the purpose of the FLSA may not be frustrated by a confidentiality clause that does not create information asymmetry between the defendant and his employees, namely by allowing the plaintiff to discuss the case and settlement with other employees." *Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 659 (E.D. Pa. 2020); *see Carney v. Travelers Aid Soc'y of Phila.*, No. 19-3599, 2020 WL 703684, at *5 (E.D. Pa. Feb. 11, 2020) (collecting cases).
 Here, the confidentiality provision prohibits plaintiff from speaking "directly or indirectly" to "potential litigant[s]"—including defendant's other employees. This provision creates "information asymmetry" and frustrates the purpose of FLSA. *Solkoff*, 435 F. Supp. 3d at 659. As such, the Court cannot approve the confidentiality provision in section 11 of the proposed settlement agreement.

It is further **ORDERED** that this case is **DISMISSED** with prejudice and the Clerk of Court is **DIRECTED** to mark this case as closed.

                                                 __s/ANITA B. BRODY, J.___
                                                 ANITA B. BRODY, J.

Copies **VIA ECF**